UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ODON HOLDINGS LLC,**

   *Plaintiff*,

v.                                                      Case No. 5:25-CV-00557-JKP

**LDC HEALTH SOLUTIONS, LLC,
CHRISTIANA JURCA, ISAIAH J
JURCA, DAVID PADILLA,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants LDC Health Solutions LLC, Christiana Jurca, Isaiah J. Jurca, and David Padilla's ("Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *ECF No. 13*. Plaintiff Odon Holdings LLC ("Odon") filed a Response, to which Defendants filed a Reply. *ECF Nos. 19, 22*. Also before the Court is Odon's Amended Motion for Temporary Restraining Order. *ECF No. 14*. The Undersigned held a hearing (the "Hearing") on these matters June 12, 2025. *See* Min. Ent. June 12, 2025. Having considered the arguments presented at the Hearing and in the parties' briefings, the Court **GRANTS** Defendants' Motion to Dismiss, (*ECF No. 13*), and **DENIES AS MOOT** Odon's Amended Motion for Temporary Restraining Order, (*ECF No. 14*).

## BACKGROUND

On May 20, 2025, Odon filed its Complaint and initial Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. *ECF Nos. 1, 2*. In the initial Motion, Odon failed to present a *prima facie* case as to any of its asserted causes of action. *See ECF No. 2*. The Court therefore denied Odon's initial Motion without prejudice to refiling. *ECF No. 11*.

Subsequently, on May 29, 2025, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *ECF No. 13*. In Defendants' Motion to Dismiss, Defendants contest the Court's venue based upon the forum selection clause in the Exclusive Marketing Agreement (the "Agreement") at issue. *See id*. Defendants' position is the forum selection clause language "prohibits the parties from filing in federal court because no federal court sits in Kerr County." *Id. at 2*. The next day, May 30, 2025, Odon filed its Amended Motion for Temporary Restraining Order, (*ECF No. 14*).

Because Defendants challenge the Court's venue (appropriately raised under Federal Rule of Civil Procedure 12(b)(3)) at the same time Odon requests the Court grant it a Temporary Restraining Order, the Undersigned held the Hearing on these matters June 12, 2025.

## LEGAL STANDARDS AND DISCUSSION

At the Hearing, as in their Motion to Dismiss, Defendants argued the Agreement set exclusive jurisdiction in Kerr County. *See* Min. Ent. June 12, 2025; *ECF No. 13*. The forum selection clause language in the Agreement provides:

> Section VII.4 Governing Law; Consent to Jurisdiction. It is the intention of the parties that the laws of the State of Texas shall govern the validity of this Agreement, the construction of its terms and the interpretation of the rights and duties of the parties. ***Any proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought exclusively in the state or federal courts sitting in Kerr County, Texas, and the Parties each hereby consent to the exclusive jurisdiction of such courts*** (and of the appropriate appellate courts therefrom) in any such proceeding and irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of the venue of any such proceeding in any such court or that any such proceeding which is brought in any such court has been brought in an inconvenient forum. Process in any proceeding may be served on any party anywhere in the world, whether within or without the jurisdiction of any such court.

*ECF No. 1-1 at 11* (emphasis added). The use of the phrase "exclusive jurisdiction" and the irrevocable waiver of any objection to venue indicate that this is a mandatory forum selection

2

clause, and thus venue is proper only in "state or federal courts sitting in Kerr County, Texas." *Id*. Thus, the key issue is whether this Court is a federal court "sitting in Kerr County, Texas." *Id*.

Several Texas courts have persuasively recognized when a forum selection clause places jurisdiction in a county that does not contain a federal courthouse, the clause excludes federal courts located outside the boundaries of the county. *See, e.g., Paolino v. Argyll Equities, L.L.C.*, No. 5:05-CV-00342, 2005 WL 2147931, at *4 (W.D. Tex. Aug. 31, 2005) (collecting cases); *Collin Cnty. v. Siemens Bus. Services, Inc.*, 250 Fed. Appx. 45 (5th Cir. 2007) (unpublished); *All. Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397 (5th Cir. 2008) (acknowledging *Collin Cnty. v. Siemens Bus. Services, Inc.*).[1] As have courts in other parts of the country. *CentiMark Corp. v. 1901 Gateway Holdings, LLC*, No. CV 21-426, 2021 WL 4245088 (W.D. Pa. Sept. 17, 2021); *Wall v. Corona Cap.*, LLC, 221 F. Supp. 3d 652, 658 (W. D. Pa. 2016); *Wall Street Aubrey Golf, LLC v. Aubrey*, No. 05-CV-1163, 2005 WL 8175021, at *1 (W.D. Pa. Nov. 10, 2005), *aff'd*, 189 F. App'x 82 (3d Cir. June 5, 2006) (non-precedential).

Here, the Agreement states: "[a]ny proceeding seeking to enforce any provision of . . . this Agreement . . . shall be brought exclusively in the state or federal courts sitting in Kerr County, Texas, and the Parties each hereby consent to the exclusive jurisdiction of such courts." *ECF No. 1-1 at 11*. In the Court's view, use of the prepositional phrase "in Kerr County" indicates the parties agreed to jurisdiction in courts physically located in Kerr County. The Western District of Texas' San Antonio Division has territorial jurisdiction over Kerr County, but "Court for the San Antonio Division shall be held at San Antonio." *See* 28 U.S.C. § 124(d)(4). The forum selection clause language in the Agreement lists "federal courts" as a potential venue, but

---

[1] *See also HJH Consulting Group, Inc. v. Nycomed US Inc.*, No. 5:09-CV-00716, 2009 WL 10669530 (W.D. Tex. Oct. 30, 2009), *R. & R. adopted*, No. 5:09-CV-00716, 2009 WL 10669591 (W.D. Tex. Nov. 20, 2009); *First Nat. of N.A., LLC v. Peavy*, No. 3-02-CV-0033BD(R), 2002 WL 449582 at *2 (N.D. Tex. Mar. 21, 2002); *Greenville Elec. Util. Sys. v. N. Pac. Group, Inc.*, 2001 WL 804521, *2 (N.D. Tex. July 6, 2001).

the prepositional phrase "in Kerr County," modifies "federal courts" to limit the eligible federal courts to those which, in theory, are located in Kerr County. Thus, the Court agrees with Defendants the forum selection clause language is unambiguous and finds the state courts sitting in Kerr County are the proper place for this dispute because "there is no federal court literally sitting in Kerr County."[2] Following persuasive precedent, the Court holds none of the parties to the Agreement consented to venue in this Court via the forum selection clause language.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss, (*ECF No. 13*), and **DENIES AS MOOT** Odon's Amended Motion for Temporary Restraining Order, (*ECF No. 14*). The Court further **DENIES AS MOOT** any additional pending motions.

Defendants LDC Health Solutions LLC, Christiana Jurca, Isaiah J. Jurca, and David Padilla are **DISMISSED** from this matter and the Clerk of Court is **DIRECTED** to terminate this case.

It is so ORDERED.
SIGNED this 12th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[2] *E.g., HJH Consulting Group, Inc.*, 2009 WL 10669530 at *5.